**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOMER ESPERICUETA,<br><br>            Petitioner,<br><br>     v.<br><br>HEIDI LACKNER, Warden,<br><br>            Respondent. | Case No. 1:14-cv-00342-SKO-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 14)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY FILED (DOC. 1), DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on March 11, 2014, and on behalf of Respondent on May 14, 2014. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on June 20, 2014. Petitioner filed opposition on July 10, 2014, and Respondent filed a reply on July 17, 2014.

I. <u>Proceeding by a Motion to Dismiss</u>

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).[1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. <u>See, e.g.,</u> <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

Respondent's motion to dismiss addresses the untimeliness of the petition pursuant to 28 U.S.C. § 2244(d)(1). The material facts pertinent to the motion are found in copies of the official records

---

[1] Because it is concluded that the petition was untimely filed, only the untimeliness of the petition has been considered, and Respondent's additional grounds have not been addressed.

of state judicial proceedings, records which have been provided by the parties and which present no factual dispute. Because Respondent has not filed a formal answer, and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. Background

Petitioner does not dispute the accuracy of the Respondent's summary of the pertinent events set forth in the motion to dismiss and demonstrated by the state court record. Accordingly, that summary is reproduced here with minor modifications.

Petitioner was convicted in the Kern County Superior Court (KCSC) of possession of a controlled substance in violation of Cal. Health & Saf. Code § 11377(a), and multiple sentencing allegations were found true. Petitioner was sentenced on October 23, 1997, to an indeterminate state prison term of twenty-five years to life. (LD 1.)[2]

The judgment was affirmed on direct appeal by the Court of Appeal of the State of California, Fifth Appellate District (CCA) on January 19, 1999 (LD 2); the California Supreme Court (CSC) denied review on April 14, 1999 (LD 3-4).

Petitioner filed five state post-conviction collateral challenges to the judgment, all petitions for writs of habeas corpus, with the exception of the fifth action, which was a petition for review:

---

[2] "LD" refers to documents lodged by Respondent in support of the motion to dismiss.

3

<u>First Petition</u>

November 3, 1999: Petition constructively filed in the KCSC (LD 5);[3]

December 7, 1999: Petition denied (LD 6);

<u>Second Petition</u>

April 9, 2000: Petition constructively filed in the CCA (LD 7);[4]

April 27, 2000: Petition denied (LD 8);

<u>Third Petition</u>

May 16, 2013: Petition filed in the KCSC (LD 9);

---

[3] Dates of filing are calculated pursuant to the "mailbox rule." Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing. The rule requires the inmate to use the custodial institution's system designed for legal mail; timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage. <u>Id.</u> Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule applies to federal and state petitions. <u>Campbell v. Henry</u>, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th. Cir. 2003), and <u>Smith v. Ratelle</u>, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. <u>Houston v. Lack</u>, 487 U.S. at 275-76; <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010); <u>Campbell v. Henry</u>, 614 F.3d 1056, 1058-59 (9th Cir. 2010); <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001). The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005). However, if there is a long delay between the alleged mailing and receipt by a court, a district court may attribute the discrepancy to various causes, including the court, the postal service, the prison authorities, or the prisoner himself. <u>See</u>, <u>Koch v. Ricketts</u>, 68 F.3d 1191, 1193 n.3 (9th Cir. 1995) (concerning analogous Fed. R. App. P. 4(c)).

Here, although the petition was signed earlier, Petitioner submitted the petition with a signed letter dated November 3, 1999.

[4] While this state petition was pending, Petitioner filed in this Court on April 12, 2000, a prior federal habeas action, <u>Espericueta v. Lockyer</u>, 1:00-cv-5577 SMS, which was dismissed without prejudice for Petitioner's failure to name a proper respondent and to exhaust state court remedies. (LD 15.) The pendency of a petition in a federal court does not toll the running of the statute under 28 U.S.C. § 2244(d)(2). <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001).

4

August 2, 2013: Petition denied (LD 10);

Fourth Petition

October 22, 2013: Petition filed in the CCA (LD 11);

November 1, 2013: Petition denied (LD 12);

Fifth Petition

November 19, 2013: Petition (for review of the denial of the fourth state habeas corpus petition) received in the CSC (LD 13); and

December 2, 2013: Petition rejected as untimely where no application for relief from default was submitted (LD 14).

Petitioner filed the federal habeas petition in the instant proceeding on March 7, 2014.  (Doc. 1.)

III.  Timeliness of the Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

>the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement and Running of the Limitations Period

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. Burton v. Stewart, 549 U.S. 147, 156-57 (2007). The last sentence was imposed on Petitioner on October 23, 1997.

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion of certiorari proceedings before the United States Supreme Court, or 2) if certiorari was not sought, by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. Wixom, 264 F.3d at

897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)).

Here, neither party has indicated that Petitioner sought certiorari from the United States Supreme Court. Petitioner's direct criminal appeals in the state court system concluded when his petition for review was denied by the CSC on April 14, 1999. The time permitted for seeking certiorari was ninety days. Supreme Court Rule 13; Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

The Court will apply Fed. R. Civ. P. 6(a) in calculating the pertinent time periods. See, Waldrip v. Hall, 548 F.3d 729, 735 n.2 (9th Cir. 2008), cert. denied, 130 S.Ct. 2415 (2010). Applying Fed. R. Civ. P. 6(a)(1)(A), the day of the triggering event is excluded from the calculation. Thus, the ninety-day period commenced on April 15, 1999, the day following the CSC's denial of review. Further applying Rule 6(a)(1)(A), which requires counting every day, the ninetieth day was July 13, 1999. Thus, the judgment became final within the meaning of § 2244(d)(1)(A) on July 13, 1999.

Therefore, the limitation period began to run on the following day, July 14, 1999, and, absent any tolling, concluded one year later on July 13, 2000.

### B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is "in continuance"- i.e., "'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  In California, this generally means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review.  Id. at 221-23; accord, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, absent unreasonable delay, the statute is tolled during the gaps between denial of a petition and the filing of the next petition in a higher state court because the collateral review process is deemed "pending" within the meaning of § 2244)(d)(2).  However, the statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval.  Nino v. Galaza, 183 F.3d at 1006; see, Lawrence v. Florida, 549 U.S. 327, 330-33 (2007) (time period after a state court's denial of state post-conviction relief and while a petition for certiorari is pending in the United States Supreme Court is not tolled because no application for state post-conviction or other state collateral review is pending).

Here, the limitation period commenced on July 14, 1999.  The filing of the first state petition in the KCSC on November 3, 1999, tolled the statute for thirty-five days until the petition was denied on December 7, 1999.

Respondent contends that Petitioner is not entitled to statutory "gap" tolling between the KCSC's denial of December 7,

8

1999, and the filing of the second state petition in the CCA on April 9, 2000, because the delay of 123 days was unreasonable.

Absent a clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in a specific factual context, or a clear indication that a filing was timely or untimely, a federal court hearing a subsequent federal habeas petition must examine all relevant circumstances concerning the delay in each case and determine independently whether the California courts would have considered any delay reasonable so as to render the state collateral review petition "pending" within the meaning of § 2244(d)(2). Evans v. Chavis, 546 U.S. 189, 197-98 (2006). A delay of six months has been found to be unreasonable because it is longer than the relatively short periods of thirty (30) or sixty (60) days provided by most states for filing appeals. Evans v. Chavis, 546 U.S. at 201.

The thirty-day to sixty-day period is applied as a benchmark for California's "reasonable time" requirement, to be exceeded in appropriate circumstances. Stewart v. Cate, 734 F.3d 995, 1001 (9th Cir. 2013) (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011)). Various periods of delay have been found to be unreasonable, including intervals of 81 and 92 days between the disposition of a writ at one level and the filing of the next writ at a higher level, Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011), cert. den., 132 S.Ct. 554 (2011); unexplained, unjustified periods of 97 and 71 days, Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140 (C.D.Cal. 2006); 100 days between the denial of a petition by the California Court of Appeal and the filing of a petition in the California Supreme Court, which

was held to be unreasonable because there was no showing of good cause for the delay where the two petitions involved the same claims, evidence, and research, and the petitioner had at least thirty days to file the petition despite being under prisoner emergency status and being unable to research his petition, Stewart v. Cate, 734 F.3d at 1002-03; unjustified delays of 115 and 101 days between denial of one petition and the filing of a subsequent petition, Chaffer v. Prosper, 592 F.3d. 1046, 1048 (9th Cir. 2010); and 146 days between the filing of two trial court petitions, Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010), cert. den., 131 S.Ct. 3023 (2011).

    Here, the CCA summarily denied the petition and did not expressly determine that the petition was timely or untimely.  This Court thus proceeds to examine all relevant circumstances concerning the delay and to determine independently whether the California courts would have considered any delay reasonable.

    The delay of 123 days was a substantial delay that would be unreasonable if unsupported by a showing of good cause.  With respect to justification for the delay, to benefit from statutory tolling, a petitioner must adequately justify a substantial delay.  28 U.S.C. § 2244(d)(2); Evans v. Chavis, 546 U.S. at 192-93; Waldrip v. Hall, 548 F.3d at 734.

    In In re Reno, 55 Cal.4th 428, 460-61 (2012), the California Supreme Court summarized the applicable California law as follows:

> Our rules establish a three-level analysis for assessing whether claims in a petition for a writ of habeas corpus have been timely filed. First, a claim must be presented without substantial delay. Second, if

a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate good cause for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of four narrow exceptions: "(i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (ii) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; (iii) that the death penalty was imposed by a sentencing authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death; or (iv) that the petitioner was convicted or sentenced under an invalid statute." (*In re Robbins, supra*, 18 Cal.4th at pp. 780-781, 77 Cal.Rptr.2d 153, 959 P.2d 311.) The petitioner bears the burden to plead and then prove all of the relevant allegations. (Ibid.)

The United States Supreme Court recently, and accurately, described the law applicable to habeas corpus petitions in California: "While most States set determinate time limits for collateral relief applications, in California, neither statute nor rule of court does so. Instead, California courts 'appl[y] a general "reasonableness" standard' to judge whether a habeas petition is timely filed. *Carey v. Saffold*, 536 U.S. 214, 222 [122 S.Ct. 2134, 153 L.Ed.2d 260] (2002). The basic instruction provided by the California Supreme Court is simply that 'a [habeas] petition should be filed as promptly as the circumstances allow....'" (*Walker v. Martin, supra*, 562 U.S. at p. ----, 131 S.Ct. at p. 1125.) "A prisoner must seek habeas relief without 'substantial delay,' [citations], as 'measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim,' [citation]." (Ibid.; see also *In re Robbins, supra*, 18 Cal.4th at p. 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 ["Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim."].)

In re Reno, 55 Cal.4th at 460-61.  A petitioner must show particular circumstances, based on allegations of specific facts, sufficient to justify the delay; allegations made in general terms are insufficient.  In re Robbins, 18 Cal.4th at 787-88, 805 (citing In re Walker, 10 Cal.3d 764, 774 (1974)).  There are no California standards for determining what period of time or factors constitute "substantial delay" in noncapital cases or for determining what factors justify any particular length of delay.  King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).  California's time limit for filing a habeas petition in a noncapital case is more "forgiving and flexible than that employed by most states." Chavis, 546 U.S. at 202 (Stevens, J., concurring).

Petitioner does not set forth any explanation or justification for the delay.  The later petition contained new grounds, but it was not lengthy or complex, and it also incorporated essentially the same grounds as the earlier petition

Petitioner argues that the equitable doctrine of laches does not bar the petition.  However, the petition is governed by the AEDPA, which provides for statutory standards.  To the extent Petitioner addresses doctrines of equity, Petitioner does not suggest or show how equitable tolling could protect him from the running of the statute.

In summary, Petitioner has not made a specific showing that is legally sufficient to justify his delay in filing the second state petition.  Respondent correctly contends that because of unreasonable delay, Petitioner is not entitled to statutory tolling for the period of time between the denial of the first state court

petition and the filing of the second state petition.  Thus, the statute ran for 123 days after the first state habeas petition was denied by the KCSC on December 7, 1999, and the second was filed in the CCA on April 9, 2000.  Petitioner is entitled to a more limited period of nineteen days of tolling during the literal pendency of the second petition from its filing in the CCA on April 9, 2000, and its denial on April 27, 2000.

In summary, the running of the one-year limitations period was tolled for fifty-four days after it commenced on July 14, 1999, which resulted in the expiration of the limitations period in early September 2000.  Petitioner did not file his next (third) state petition until May 2013 -- over a dozen years later.  Thus, the limitations period had run before Petitioner's third state petition was filed.  A state petition filed after the expiration of the AEDPA's one-year limitation period does not re-initiate or toll the running of the limitations period under 28 U.S.C. § 2244(d)(2). Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

In conclusion, although Petitioner has shown he is entitled to a limited period of statutory tolling, he has not shown tolling for a period sufficient to prevent the running of the limitations period before the petition in this action was filed on March 7, 2014.  Because the limitations period expired before Petitioner filed his petition here, his petition must be dismissed with prejudice as untimely.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention

complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to

issue a certificate of appealability.

V. <u>Disposition</u>

In accordance with the foregoing analysis, it is ORDERED that:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition is DISMISSED with prejudice as untimely filed;

3) The Clerk is DIRECTED to enter judgment for Respondent; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 4, 2014**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE